## Boyd Estate.

Argued January 12, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Laurence H. Eldredge,* with him *Roland J. Christy,* for appellant, Guerrina.

*David E. Thomas,* with him *George H. Class,* and *Raspin, Espenshade, Heins, Erskine & Stewart,* for appellant, Austin Supply Co.

*George W. Thompson,* with him *Baile, Thompson & Shea,* for appellee.

OPINION PER CURIAM, March 15, 1960:

When this matter was previously before this Court (*Boyd Estate,* 394 Pa. 225, 146 A. 2d 816), we ". . . remanded [it] to the Orphans' Court of Delaware County for a determination of the priority and payment of the claims held to be valid . . . ."

At that time there was a fund in that court in the amount of $25,000 available for the payment of claims. This fund was created in the following manner: the decedent, Boyd, and one William B. Albright entered into a written contract on December 10, 1947, supplemented by another written contract on January 9, 1948, under which Albright, as general contractor, was to perform certain construction work on property owned by Boyd; Albright was adjudged a bankrupt on November 27, 1951 and Boyd died March 29, 1954; subcontractors and furnishers of supplies in connection with the construction work presented claims against the Boyd Estate, said claims being based on either attachment proceedings or assignments from Albright; Boyd's executor and the trustee in bankruptcy in Albright's bankruptcy proceedings entered an agreement

as to the balance due and owing under the Boyd-Albright contract, to wit, $25,000, and this amount was set aside in the Orphans' Court of Delaware County for the payment of valid claims. After our remand the Orphans' Court allocated an additional sum of $1,000 to the fund as interest from the date of that court's supplemental adjudication so that the present fund amounts to $26,000.

The court below determined the following creditors were entitled to share in the distribution of the $26,000 fund, the order of priority and amounts being:

| | | |
|---|---|---|
| 1. | Alex Guerrina & Sons, Inc. | $ 8,470.10 |
| 2. | William R. Parker, Jr. | 5,752.33 |
| 3. | Austin Supply Company | 1,552.71 |
| 4. | George I. Terpening | 4,596.59 |
| 5. | Berks Products Corporation | 455.75 |
| 6. | Ready Mixed Concrete Company | 1,212.92 |
| 7. | Armando D'Angeli and Emilio D'Angeli | 1,821.43 |
| 8. | D'Angeli Brothers (a/c of claim of $7,736.40) | 2,138.17 |
| | | $26,000.00 |

The court below refused to allow Guerrina interest on its claim from January 12, 1950 and Austin interest on its claim from February 1, 1950.[1] From that action of the court below Guerrina and Austin appealed.

We have considered at length the several contentions of the parties. Under the particular circumstances herein presented the disallowance of interest to both Guerrina and Austin was fully justified. We agree with the court below that the allowance of inter-

---

[1] It is to be noted that, even without the payment of interest to Guerrina and Austin, D'Angeli Brothers will receive only about 27% of their claim and other claimants will receive nothing.

est on these two claims would be highly unfair and inequitable.

Decree affirmed at appellants' costs.